JENKINS
*v.*
TROTT.

---

## CITY OF LAFAYETTE *v.* CUMMINS.

Art. 127 of the constitution relates to State, and not to municipal, taxes.

The stat. of 20 April, 1846, which authorizes (s. 19) the city council of Lafayette to "lay and collect upon trades, occupations, and professions, such other taxes, not specified in this act, which, in their opinion, may be required by the wants of said city, and the imposition and collection of which may not be inconsistent with the constitution and laws of the United States or of this State," containing no prohibition of discrimination in the objects of taxation, a tax imposed by an ordinance on certain enumerated trades and professions, cannot be considered illegal or unconstitutional, because other trades and professions are not taxed, where the tax on the enumerated trades or professions is imposed on all persons exercising such trades or professions.

LAFAYETTE
*v.*
CUMMINS.

APPEAL from the District Court of Jefferson, *Clarke*, J. *Michel*, for the plaintiffs. *Brewer* and *Soulé*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. This is an appeal from a judgment rendered against the defendant by a justice of the peace of Lafayette, for $15, the amount of a municipal tax due by the defendant on account of his occupation and trade as a butcher.* The tax was imposed by an ordinance for the year 1847, which lays an annual tax on the trades and professions mentioned therein. Besides the trades enumerated, there are several others, principally those of mechanics, and also other professions and occupations, which are consequently not taxed. The 19th section of the law of 1846, authorizing the city council of Lafayette to lay taxes on real estate and slaves, empowers them to lay and collect taxes upon all kinds of property, and upon trades, occupations, and professions, such other taxes, not specified in this act, which, in their opinion, may be required for the wants of said city, and the imposition and collection of which may not be inconsistent with the constitution and laws of the United States and of this State. Acts of 1846, p. 28.

It is contended, that the imposition of the tax attempted to be executed is contrary to the 127th article of the constitution, which provides for the equality and uniformity of taxation throughout the State.

In the case of *Duncan* v. *The Second Municipality*, this question, after a very thorough argument, was determined by this court, and the article was held applicable only to state, and not to municipal, taxes. 2 Annual R. 182.

The opinion of the court in that case meets also another objection taken by the counsel for the defendant to the legality of the tax, on the ground that all trades, occupations, and professions are not subject to it. The tax in *Duncan's* case was a special tax on real estate and slaves, and was imposed under a law of 1805, authorizing the city council of New Orleans to tax real and personal estate, and it was obviously unequal in its operation, inasmuch as all personal property was exempt from it; yet the court held that the tax was not illegal.

The statute of 1846, under consideration, imparts no prohibition of discrimination in the objects of taxation, which is an administrative question of great importance; and where the tax is laid on persons in the same class, that is, all those exercising certain trades, occupations, or professions, we know of no instance in which it has been held to be other than legal and valid.

It is proved that the defendant keeps a slaughter-house in Lafayette, where he kills cattle for the New Orleans market. His cart is taxed, and he pays a high tax for his stall, where he sells his meat. But those burthens afford no ground for the non-payment of the tax sued for.

*Judgment affirmed.*

---

* This judgment was affirmed by the District Court of Jefferson, on an appeal from the decision of the justice; and the case comes up on an appeal from the judgment of the District Court.